UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED DEFIGH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF OAKLAND,<br><br>    Defendant. | Case No. 3:23-cv-02009-JD  (WHO)<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

The pro se plaintiffs in this action are residents and former residents of the former homeless encampment at 1707 Wood Street in Oakland, California ("1707 Encampment"). They filed a motion for temporary restraining order ("TRO") seeking to restrain the defendant City of Oakland from carrying out an ongoing eviction and closure of the 1707 Encampment. ("Mot.") [Dkt. No. 2]. The motion asserts that the City is violating the plaintiffs' rights under the Fourteenth Amendment and the state created danger doctrine. *See id.* The plaintiffs provide several sworn declarations stating that City workers and police officers are throwing away residents' property, using a bulldozer in an unsafe manner, not storing property, and tearing down structures. *See id.*

This case is directly related to another ongoing case, *Janosko v. City of Oakland*, No. 3:23-CV-00035-WHO, where counseled plaintiff-residents of the 1707 Encampment have filed multiple TROs to pause and halt the same eviction. Though in January 2023 I initially granted a TRO based on finding serious questions going to the merits of the plaintiffs' state created danger claims, *see Janosko v. City of Oakland*, No. 3:23-CV-00035-WHO, 2023 WL 187499 (N.D. Cal. Jan. 13, 2023), I subsequently dissolved the TRO once the City provided additional shelter beds for the removed residents and the state of emergency weather situation cleared, *see Janosko v. City*

1  *of Oakland*, No. 3:23-CV-00035-WHO, 2023 WL 3029256, at *1 (N.D. Cal. Apr. 19, 2023)
2  (outlining the history of the case and eviction). Six weeks later, the plaintiffs moved for another
3  TRO based on concerns that the closure would violate their Fourth Amendment rights, providing
4  allegations that the City was destroying makeshift shelters and refusing to store certain
5  belongings. *See id.* I denied that TRO, finding the plaintiffs were unlikely to succeed because the
6  City was providing shelter and storage for many belongings, was towing vehicles to a secure
7  location, and was not required to maintain and store makeshift shelters or a shipping container, as
8  requested by the plaintiffs.

9  The plaintiffs in this case have not presented any new arguments or facts that were not
10 otherwise addressed in those prior TRO motions, dissolutions, and denials. For the same reasons
11 as stated in *Janosko*, Dkt. No. 27, there are no longer serious questions going to the merits of the
12 plaintiffs' state created danger claims. And for the same reasons stated in *Janosko*, 2023 WL
13 3029256, at *2-5, the plaintiffs are unlikely to succeed on the merits of their claims relating to
14 destruction of property. Though I sympathize with the plaintiffs' challenges and concerns arising
15 from leaving community members and certain property, the residents have had significant notice
16 of the closure and the City has provided opportunities for shelter and storage.

17 Accordingly, the plaintiffs are unlikely to succeed on the merits of their claims. *See*
18 *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The motion is DENIED.

20 **IT IS SO ORDERED.**
21 Dated: April 27, 2023

William H. Orrick
United States District Judge